IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARIO D. MARIN
and REYES MARIN,

                Plaintiffs,

    vs.                                              CIVIL NO.  12-448 WJ/LFG

GARY KING, Attorney General
of New Mexico, individually, et al.,

                Defendants.

## ORDER AUTHORIZING LIMITED DISCOVERY
## ON QUALIFIED IMMUNITY

THIS MATTER is before the Court on Plaintiffs' Rule 56(d) Motion for Discovery on Defendant Steve Suttle's Motion for Qualified Immunity and Rule 56(d) Declaration of Counsel in Support Thereof [Doc. 23].  Plaintiffs seek an order granting limited discovery on a discrete issue, namely, whether Defendant Steven Suttle ("Suttle") may properly assert a defense of qualified immunity.

Plaintiffs claim that Suttle's qualified immunity motion is premised on Suttle's affidavit in support of the motion for summary judgment [Doc. 17-1]2, asserting no participation in and lack of knowledge of the events giving rise to Plaintiffs' claims.  Specifically, Plaintiffs challenge Suttle's affidavit testimony that: (1) he never stated or knowingly implied that the Attorney General's office would lead in the enforcement of New Mexico's animal cruelty laws [¶ 3]; (2) he has never had knowledge of Defendant Heather Ferguson Greenhood's ("Ferguson") conduct in the numerous raids she lead [¶ 7]; and (3) he has never had knowledge that Defendant Ferguson directed the killing of animals or crushing of eggs in any fashion [¶ 7].

In accord with the requirements of <u>Ben Ezra, Weinstein & Co. v. America Online, Inc.</u>, 206 F.3d 980, 987 (10th Cir.), *cert denied*, 531 U.S. 824 (2000), Plaintiffs identified what discovery they wish to take and, specifically, how the anticipated discovery will assist in overcoming Suttle's *prima facie* showing of entitlement to judgment.  When a party is able to establish the need for limited discovery so as to respond to a motion for summary judgment based on qualified immunity, a court may authorize specific and limited discovery.  <u>Maxey ex rel. Maxey v. Fulton</u>, 890 F.2d 279, 282-83 (10th Cir. 1989).

Here, Plaintiffs submitted e-mail communications from and to Suttle which raise questions whether he knew anything about Ferguson's conduct or the raids at issue; whether Ferguson reported to Suttle with regard to Task Force activities; and whether Suttle was aware of the activities of the Task Force and the fact that birds and eggs were being destroyed. [Doc. 23-3.] Thus, in this case, the Court agrees that Plaintiffs raised a sufficient question to warrant limited discovery into discrete areas.

Accordingly, the Court will authorize Plaintiffs to serve one set of interrogatories on Suttle, limited to 25 questions.  Additionally, Plaintiffs may take a single deposition of Suttle, limited to 4 hours.  The questions are limited in scope to the allegations that Suttle stated or implied the Attorney General's office would lead in the enforcement of New Mexico's animal cruelty laws, that he delegated the authority of the Attorney General's office to Ferguson; that he informed law enforcement officials that Ferguson had the Attorney General's authority related to enforcement of New Mexico's animal cruelty laws; that he was aware that Ferguson allegedly abused or misused the Attorney General's authority in initiating and conducting searches; that he had no knowledge of Ferguson's conduct of raids; and that he had no knowledge that Ferguson was allegedly directing the seizure and destruction of animals and eggs.

The scope of interrogatories served is similarly limited to the foregoing areas, and Plaintiffs may not seek information beyond the areas designated by the Court in either the written interrogatories or in Suttle's oral examination.

The Court authorizes Plaintiffs 45 days within which to initiate and complete the discovery, and, thereafter, an additional 17 days to respond to the pending motion for summary judgment.  In other words, discovery must be completed no later than September 4, 2012; Plaintiffs' response to the motion for summary judgment based on qualified immunity [Doc. 17] is extended until September 21, 2012.

IT IS SO ORDERED.

_Lorenzo F. Garcia_

Lorenzo F. Garcia
United States Magistrate Judge