IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARIO D. MARIN
and REYES MARIN,

        Plaintiffs,
vs.                                               CIVIL NO.  12-448 WJ/LFG

GARY KING, Attorney General
of New Mexico, individually, et al.,

        Defendants.

## ORDER DENYING PLAINTIFFS' SECOND RULE 56(d) MOTION FOR ADDITIONAL DISCOVERY

THIS MATTER is before the Court on Plaintiffs Mario D. Marin and Reyes Marin's renewed Second Rule 56(D) Motion for Additional Discovery [Doc. 31], which was filed "out of caution" for additional discovery. Defendant Steven Suttle filed a Response [Doc. 34].

The Court earlier considered Plaintiffs' request for discovery [Doc. 25], and concurring that Plaintiffs had made a case for additional discovery under Ben Ezra, Weinstein & Co. v. Am. Online, Inc., 206 F.3d 980, 987 (10th Cir.), *cert denied*, 531 U.S. 824 (2000), entered an order pursuant to Maxey ex rel. Maxey v. Fulton, 890 F.2d 279, 282-83 (10th Cir. 1989), for limited discovery concerning discrete issues.

Plaintiffs' renewed motion for discovery adds nothing to the Court's earlier assessment. Indeed, Plaintiffs' Response in Opposition to Defendant Steve Suttle's Motion for Summary Judgment and Second Rule 56(D) Motion is nothing more than a motion for reconsideration. A motion to reconsider, however, contemplates a correction of mistakes. *See* White v. New Hampshire Dep't of Employment Sec., 455 U.S. 445, 450 (1982). The only appropriate grounds for a motion to reconsider include: (1) an intervening change in the controlling law; (2) new evidence previously

unavailable; and (3) the need to correct clear error or prevent manifest injustice. Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000); *see also* Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991), *cert. denied*, 506 U.S. 828 (1992).

There is no contention that the law has changed between the Court's ruling and now, or that there is new information previously unavailable. Counsel's Declaration [Doc. 31-9] asserts that Defendant Suttle provided "false testimony," but counsel fails to identify the alleged falsity of the testimony. Suttle testified that he did not have knowledge of Ms. Ferguson's conduct, as Plaintiffs have alleged, that is, that Ms. Ferguson organized and led numerous raids throughout New Mexico, that she orchestrated the raids, directed the unlawful killing of poultry and other animals, and directed the unlawful crushing of eggs. [Doc. 1, Complaint, ¶ 17].

Rather, Suttle said that he never had knowledge of Ms. Ferguson's alleged conduct in the raids referred to in paragraph 17 or in the raid on Plaintiffs' property. He did not testify he never knew that raids occurred or that a raid occurred at the property at issue. Plaintiffs failed to show that this testimony is somehow false and would entitle the Court to reconsider its opinion. Moreover, nothing in Plaintiffs' renewed request convinces the Court that its earlier decision was clear error or that additional discovery is necessary to prevent manifest injustice.

The Court, having already authorized limited discovery, sees no reason to modify its earlier ruling, and, therefore, this renewed motion for discovery is DENIED.

IT IS SO ORDERED.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge