IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARIO D. MARIN
and REYES MARIN,

        Plaintiffs,

  vs.                                      CIVIL NO.  12-448 WJ/LFG

GARY KING, Attorney General
of New Mexico, individually; STEVEN
SUTTLE, Asst. Attorney General, individually;
HEATHER FERGUSON GREENHOOD; MAX
SALAS, Criminal Agent, NM Dept. of Public
Safety/NM State Police, individually; BRICE
CURRENT, Lieutenant, San Juan County
Sheriff's Office, individually; SAN JUAN
COUNTY New Mexico, acting through the
San Juan County Sheriff's Office; and
PATRICIA FEESER NORRIS, D.V.M.,

        Defendants.

## ORDER DENYING PLAINTIFFS' MOTION FOR ADDITIONAL DISCOVERY

THIS MATTER is before the Court on Plaintiffs' renewed "Motion for Discovery Pursuant to Rule 56(d) and Declaration of Counsel" [Doc. 67]. The Court considered the motion, Response [Doc. 76] and Reply [Doc. 77]. Oral argument is not necessary.

Plaintiffs seek limited discovery in order to challenge the factual basis for Attorney General Gary King's ("AG King") declaration (Doc. 17, Ex. A) in support of his summary judgment motion based on qualified immunity. Plaintiffs argue that AG King's declaration is "artfully designed to leave" certain impressions without committing to anything concrete. [Doc. 67, at 4.] Plaintiffs ask to take limited depositions of Defendants AG King and Max Salas, and leave to serve one limited document request on Defendant Salas that requires Officer Salas to produce the affidavit for the

"first" search warrant for Plaintiffs' property, that is purportedly missing from the San Juan County Court file. Plaintiffs claim that if allowed this limited discovery, they will be able to confirm the misleading nature of AG King's declaration. In addition, Plaintiffs contend that AG King's deposition would allow them to "refresh his recollection regarding specific communications and events, and will provide him the opportunity to explain the apparent inconsistencies between his declaration and the documents" that Plaintiffs now possess.

In support of their request, Plaintiffs set out broad topics addressed in the Attorney General's declaration and identified "some of the documents" that tend to refute AG King's assertions and demonstrate they are not true. The general assertions at issue are:

(1) the AG's contention that neither he nor Defendant Heather Ferguson had any formal titles associated with Animal Cruelty Task Force ("ACT"); (2) the AG's contention that the Task Force's activities involved only lobbying and facilitating information sharing, and impliedly not law enforcement; (3) the AG's contention that Ferguson had no authority from his office or from the ACT; and (4) the implication that the AG had no ability to supervise Ferguson and that he allegedly was indifferent to what Ferguson was doing. [Doc. 67, at 5-10.]

As noted, Plaintiffs listed a number of exhibits attached to their request or other filings that they claim refute these assertions. Plaintiffs describe each of these documents and how they tend to place the assertions at issue. In the reply [Doc. 77], Plaintiffs recast these key statements as being the AG's declarations that: (1) the purposes of ACT did not include engaging in law enforcement; (2) the ACT had no "independent authority" to engage in law enforcement; (3) Ms. Ferguson was "not an employee of, or otherwise affiliated with the Attorney General's Office; (4) AG King "never delegated any authority" to Ferguson; (5) AG King never "knowingly implied" that Ferguson had authority to "lead" in the enforcement of animal cruelty laws or organize law enforcement in such

efforts; and (6) if AG King had known Ferguson was holding herself out as having authority of his office, he would have stopped her. [Doc. 77, at 1-2.]

AG King disagrees that his Declaration is false and argues that Plaintiffs' accusation is baseless. [Doc. 76, at 1.] He asserts two reasons to deny the request: (1) Plaintiffs did not meet the applicable legal standard for discovery under Rule 56(d) by failing to articulate with specificity how the additional discovery will tend to rebut the summary judgment motion; and (2) after this motion was filed, Judge Johnson denied Plaintiffs' motion to reconsider granting summary judgment in favor of Defendant Steven Suttle, on grounds of qualified immunity. AG King argues that where Suttle is entitled to qualified immunity, so, too is King. Thus, additional discovery would amount to an undue burden on a government official in contravention of the principles of qualified immunity. [Doc. 76, at 2.]

In support of his opposition, AG King points to the "trove" of documents Plaintiffs already possess and that they claim undermine the AG's credibility. AG King asserts that Plaintiffs' position, therefore, is inconsistent. On the one hand, Plaintiffs argue they need additional discovery; on the other, they assert they have ample evidence to rebut the declaration at issue. "Thus, given that they have asserted that they can prove what they seek to prove with the evidence they have, Plaintiffs have not met the Ben Ezra standard by articulating precisely how additional discovery is required . . . ." [Id., at 3.]

In addition, AG King claims Plaintiffs did not provide even the "slightest indicia that the result [reached as to Suttle's Motion and the Motion to Reconsider] would be different with respect to King." [Id., at 4.] According to AG King, the evidence demonstrates King was even less involved with Ferguson, the Task Force, and the events at issue, than Suttle. AG King further contends that

Plaintiffs' "conclusory argumentation and innuendo" do not tend to refute the uncontroverted facts in this case.

Plaintiffs do not expressly address AG King's arguments in the response, but they argue that the "tension between the documents [to which Plaintiffs referred] and the Attorney General's declaration" warrant the requested limited discovery into these areas.

These matters may well be in dispute and there may be some tension between the documents Plaintiffs already possess and AG King's declaration. However, the Court interprets Plaintiffs' Rule 56(d) request to seek significantly broad discovery that, in the Court's estimation, goes beyond the "narrowly tailored" discovery contemplated in Maxey ex rel. Maxey v. Fulton, 890 F.2d 279, 282-83 (10th Cir. 1989).

In addition, the request for additional discovery must be viewed in the context of the purpose of the qualified immunity defense. This defense not only protects governmental employees who perform discretionary functions from liability, but also from the burdens of trial, including discovery. Jiron v. City of Lakewood, 392 F.3d 410, 414 (10th Cir. 2004); Workman v. Jordan, 958 F.2d 332, 336 (10th Cir. 1992) ("we reiterate that qualified immunity is not only a defense to liability but also entitlement to immunity from suit and other demands of litigation") (*citing* Siegert v. Gilley, 500 U.S. 226 (1991)). Subjecting the Attorney General to the additional burdens of discovery, in the presence of a motion for summary judgment based on qualified immunity, is contrary to the purposes of qualified immunity.

The Court determines that Plaintiffs have collected a significant amount of evidence which they can use in reference to the pending motion. Moreover, the process of attempting to obtain additional evidence from governmental employees significantly burdens those employees and

distracts them from the performance of their responsibilities. *See* <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 684-85 (2009).

IT IS ORDERED that Plaintiffs' motion for additional discovery is DENIED.

IT IS FURTHER ORDERED that Plaintiffs' response to AG King's Motion for Summary Judgment [Doc. 58] is due by July 22, 2013. Standard time for AG King's reply is applicable.

_Lorenzo F. Garcia_
Lorenzo F. Garcia
United States Magistrate Judge