IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARIO D. MARIN
and REYES MARIN,

        Plaintiffs,

vs.                                    CIVIL NO.  12-448 WJ/LFG

GARY KING, Attorney General
of New Mexico, individually; STEVEN
SUTTLE, Asst. Attorney General, individually;
HEATHER FERGUSON GREENHOOD; MAX
SALAS, Criminal Agent, NM Dept. of Public
Safety/NM State Police, individually; BRICE
CURRENT, Lieutenant, San Juan County
Sheriff's Office, individually; SAN JUAN
COUNTY New Mexico, acting through the
San Juan County Sheriff's Office; and
PATRICIA FEESER NORRIS, D.V.M.,

        Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING PLAINTIFFS' MOTION FOR DISCOVERY
## PURSUANT TO FED. R. CIV. P. 56(d)

THIS MATTER is before the Court on "Plaintiffs' Rule 56(d) Motion for Discovery on Defendant Heather Ferguson Greenhood and Patricia Feeser Norris' ("these Defendants") Motion for Summary Judgment on the Grounds of Qualified Immunity and Rule 56(d) Declaration of Counsel in Support Thereof." [Doc. 88.] The Court considered the Motion, Response [Doc. 90] and Reply [Doc. 93]. Oral argument is not necessary.

This is Plaintiffs' fourth motion for discovery pursuant to Rule 56(d) in response to various Defendants' motions for qualified immunity. The Court permitted limited discovery in response to other Defendants' earlier Rule 56(d) requests, although it denied discovery related to Defendant Gary King's motion. [Docs. 25, 45, 79.]

In this case, Plaintiffs present two arguments. First, they contend that discovery should not be stayed as to these Defendants because they are not entitled to qualified immunity. Thus, Plaintiffs reason that since qualified immunity is inappropriate, so, too, is the stay. Second, they identify depositions and documents they seek in order to respond to these Defendants' qualified immunity motion.

The Court rejects the first argument as circular in nature. It is not the magistrate judge's function to determine whether qualified immunity is appropriate. Suffice to say, the trial judge will decide these Defendants' motion for summary judgment based on qualified immunity [Doc. 84].

However, once a defendant files a qualified immunity motion, its mere filing triggers the stay provisions envisioned by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662 (2009) and Jiron v. City of Lakewood, 392 F.3d 410, 414 (10th Cir. 2004). Indeed, in Iqbal, the Supreme Court noted, "The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including 'avoidance of disruptive discovery.' " Iqbal, 556 U.S. at 685 (*citing* Siegert v. Gilley, 500 U.S. 226, 236 (1991)). Thus, both under Supreme Court precedent, and Jiron, when a motion seeking summary judgment based on qualified immunity is filed, the Court must stay all discovery pending the trial court's resolution of the qualified immunity motion.

Notwithstanding the stay of discovery, Fed. R. Civ. P. 56(d) permits Plaintiffs, under certain circumstances, to obtain limited discovery for purposes of responding to the qualified immunity motion. In other words, a plaintiff may not have obtained sufficient discovery to respond to the qualified immunity motion upon its filing. In such an event, plaintiff is required to file a Rule 56(d) affidavit demonstrating what discovery is necessary and, more importantly, what the proposed discovery is likely to disclose and how the proposed evidence will assist the plaintiff in overcoming defendants' *prima facie* showing of entitlement to qualified immunity. *See* Ben Ezra, Weinstein

& Co. v. America Online Inc., 206 F.3d 980, 987 (10th Cir.) (holding that, under Rule 56(d), nonmoving party seeking additional discovery must demonstrate precisely how additional discovery will lead to a genuine issue of material fact), *cert. denied*, 531 U.S. 824 (2000); Burke v. Utah Transit Auth. & Local 382, 462 F.3d 1253, 1264 (10th Cir. 2006) (Rule 56([d]) affidavit must state with specificity how additional discovery will rebut summary judgment motion), *cert. denied,* 550 U.S. 933 (2007).  *See also* Maxey el rel. Maxey v. Fulton, 890 F.2d 279, 282-83 (10th Cir. 1989) (when party establishes need for limited discovery, a court may permit specific discovery).

  Here, Plaintiffs request they be allowed to take two depositions, that of Defendant Max Salas of the New Mexico State Police, who was present at the scene of the raid "for all three days that it took place", and Defendant Brice Current, the San Juan County Sheriff's Deputy, who was also present during the raid on Plaintiffs' property. [Doc. 88, at 19-20.]  Plaintiffs propose few, if any, limits on these two depositions.  They argue that Defendant Salas drafted an affidavit for the search warrants "wherein he makes reference to the information provided to police by both Ferguson-Greenhood and Feeser." [Id., at 19.] Defendant Salas, according to Plaintiffs, would know the "extent of these defendants' participation in the search of Plaintiffs' property, what authority [these defendants] claimed to have at the raids, and whether either one of or both of these defendants directed or participated in the killing of Plaintiffs' poultry." [Id., at 19-20.]

  Defendant Current purportedly "is the only individual who can clarify the extent of Defendant Ferguson-Greenhood's participation in the discussions with Plaintiff concerning the possible charges that could be brought against them and the cost of housing their birds if Plaintiffs did not sign an authorization releasing the birds to the State." [Id., at 20.]  He also would testify as to these Defendants' participation in the search of Plaintiffs' property, the authority of each of these

3

Defendants, and whether either Defendant directed actions of law enforcement officers at the scene. [Id.]

In addition to the proposed depositions, Plaintiffs request "discover[y] [of] all other documents and reports related to the raid from the New Mexico State Police and the San Juan County Sheriff's Department." [Id.] They argue it is reasonable to assume that any such documents would shed light on these Defendants' participation in the raids on Plaintiffs' property.

Noticeably missing from Plaintiffs' requests for discovery is any significant attempt to limit the extent and nature of the two depositions or the scope of the documents they seek. Indeed, as stated, it appears that Plaintiffs seek to depose both Defendant Salas and Defendant Current about three days over which the raid occurred. The areas of questioning they propose to undertake are duplicative. For example, Plaintiffs would ask both Defendant Salas and Defendant Current about the participation of these Defendants in the search of the property.

Similarly, the document request is almost entirely unlimited. Plaintiffs seek all documents from two agencies about the raid. It apparently matters not what the documents might contain. Plaintiffs "assume," however, that the documents would provide relevant information into the same area they seek to depose Defendants Salas and Current – that of these Defendants' participation in the search or raid of Plaintiffs' property. [Id.]

Plaintiffs summarily argue that they believe the requested information will show that these Defendants acted in the manner Plaintiffs describe and that their actions "violated Plaintiffs' well-established constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution." [Id. at 21.] Plaintiffs' conclusory arguments that their discovery requests are specific and limited are insufficient to show how the proposed discovery will assist in overcoming these Defendants' *prima facie* showing of entitlement to judgment. As noted, the discovery requests are

neither precise in scope nor limited. Instead, Plaintiffs' requests as stated far-reaching and expansive. Stated differently, Plaintiffs have not met the Ben Ezra standard by articulating "precisely how additional discovery will lead to a genuine issue of material fact."

Moreover, Plaintiffs have ample evidence to challenge the pertinent factual issues. For example, Plaintiffs attach a 34-paragraph affidavit of Plaintiff Mario D. Marin ("Mario Marin") [Doc. 88-1]. Mario Marin states, *inter alia*, that he was present for a good part of the searches or raids, spoke to Defendant Salas, reviewed the search warrant at issue, observed activities by the officers and related personnel, communicated with Defendant Current, relayed information Defendant Current received from Defendant Heather Ferguson Greenhood, and spoke to Defendant Heather Ferguson Greenhood who arrived at the scene. Plaintiffs also attached a photograph taken at the scene of a search and email correspondence concerning her role. [Doc. 88-1, 88-2.]

Furthermore, according to Defendants, Plaintiffs already deposed Defendant Heather Ferguson Greenhood and Defendant Suttle. [Doc. 90, at 5.] Plaintiffs possess copies of the affidavits, search warrants, "relinquishments and Dr. Norris' report." Plaintiffs also have conducted substantial FOIA requests and "have benefitted from the documentary fruits of a civil suit against the Attorney General's office." [Id.] Defendant Salas described these Defendants' roles in affidavit statements.

While Plaintiffs assert that Defendants have "shut down discovery on the basis of a bogus 'qualified immunity' motion," [Doc. 93, at 2], it appears to this Court that Plaintiffs will be able to respond with existing evidentiary support to the summary judgment motion.

To summarize, the problems with the Rule 56(d) affidavit are that Plaintiffs did not request limited discovery and they failed to sufficiently narrow or identify specific facts the requested discovery was expected to produce to create disputed issues of fact with respect to the qualified

5

immunity defenses. Moreover, while Plaintiffs' motion and Rule 56(d) affidavit are substantial, the majority of the lengthy motion addresses background and procedural history of the case [Doc. 88, 1-9] and summarizes affidavits and assertions by these Defendants [Id., at 9-18]. However, Plaintiffs devote only about five paragraphs in the 21-page motion identifying the discovery they seek or the reasons they seek discovery. [Id., at 19-20.]

For all of the above-stated reasons, the Court will deny Plaintiffs' request for additional discovery as to these Defendants. When the Court denies a request for discovery under Rule 56(d), it sets a new deadline for filing a response to the motion. The new deadline for a response is November 8, 2013.

IT IS THEREFORE ORDERED that Plaintiffs' Rule 56(d) affidavit requesting additional discovery [Doc. 88] is DENIED.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge