IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARIO D. MARIN and REYES MARIN,

     Plaintiffs,

vs.                             Civ. No. 12-448 KG/KK

GARY KING, ATTORNEY GENERAL OF NEW MEXICO,
individually, HEATHER FERGUSON GREENHOOD,
PATRICIA FEESER NORRIS, D.V.M.,
and MAX SALAS, CRIMINAL AGENT, NEW MEXICO
DEPARTMENT OF PUBLIC SAFETY/NEW MEXICO STATE POLICE,
individually,

     Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

     This matter comes before the Court upon Plaintiffs' Motion and Memorandum to Supplement Record on Pending Motions for Summary Judgment (Motion to Supplement), filed on January 31, 2014.  (Doc. 112).  Plaintiffs move to supplement the record with the transcript of a consensual sworn interview of former Defendant Brice Current, a Lieutenant with the San Juan County Sheriff's Office, conducted by Plaintiffs' counsel on January 17, 2014.  Defendant Gary King filed a response on February 14, 2014.  (Doc. 113).  Defendants Heather Ferguson Greenhood  (Ferguson) and Patricia Feeser Norris, D.V.M. (Feeser) also filed a response on February 14, 2014, which includes a Motion to Strike the transcript of Current's interview from the record and a request for an award of attorney's fees and costs.  (Doc. 114).  Plaintiffs replied to the above responses and responded to the Motion to Strike on March 7, 2014.  (Doc. 117). Having reviewed the Motion to Supplement, the Motion to Strike, the transcript of Current's interview, and the accompanying briefs, the Court denies the Motion to Supplement and grants

the Motion to Strike in that the transcript of Current's interview is stricken from the record, and denies Ferguson and Feeser's request for an award of attorney's fees and costs.

A. *Background*

This is a 42 U.S.C. §1983 civil rights lawsuit based on the seizure and destruction of hens, chicks, roosters, and eggs belonging to Plaintiffs.  (Doc. 1) at ¶¶ 1 and 2.  Pending before the Court are King's motion for summary judgment based on qualified immunity, filed May 9, 2013, and Ferguson and Feeser's motion for summary judgment also based on qualified immunity, filed July 12, 2013.  (Docs. 58 and 84).  At the time King filed his motion for summary judgment, he filed a motion to stay discovery pending the resolution of his motion for summary judgment.  (Doc. 59).  Because King's motion for summary judgment argues for qualified immunity, on May 28, 2013, the Magistrate Judge granted King's motion to stay discovery and stayed all discovery pending the resolution of King's motion for summary judgment.  (Doc. 66).  Although Ferguson and Feeser had not yet filed their motion for summary judgment when the Magistrate Judge stayed all discovery, Plaintiffs' counsel and counsel for Ferguson and Feeser agreed that the Magistrate Judge "would undoubtedly continue the existing stay [of discovery] as to Ferguson and Feeser, since they had raised the issue of qualified immunity."  (Doc. 117) at 4 n.6.  Moreover, on October 21, 2013, the Magistrate Judge denied Plaintiffs' Fed. R. Civ. P. 56(d) motion for permission to take the depositions of Defendants Max Salas and Current, which Plaintiffs argued they needed in order to respond to Ferguson and Feeser's motion for summary judgment.  (Doc. 95).

After the Magistrate Judge denied Plaintiffs' Rule 56(d) request to depose Current, Plaintiffs negotiated the dismissals of Current and Defendant San Juan County.  (Doc. 112) at ¶ 1.  That negotiation included Current's agreement to be interviewed by Plaintiffs' counsel about

Ferguson and Feeser's actions in destroying Plaintiffs' property.  *Id.*  The interview occurred on January 17, 2014, and took place under oath before a court reporter.  (Doc. 112-1).  Only Plaintiffs' counsel was present at the interview.  On January 22, 2014, the Court, upon stipulation by Plaintiffs, Current, and San Juan County, dismissed the claims against Current and San Juan County with prejudice.  (Doc. 111).

*B.  Discussion*

Plaintiffs now move to supplement the motions for summary judgment with the transcript of Current's interview.  King, Ferguson, and Feeser all oppose the Motion to Supplement while Ferguson and Feeser also move under Fed. R. Civ. P. 12(f) and 37(b)(2)(A) to strike the transcript of Current's interview from the record.  Ferguson and Feeser further seek an award of attorney's fees and costs for filing the Motion to Strike.

*1.  The Motion to Supplement*

Plaintiffs argue that since the transcript of Current's interview is similar to an affidavit and, therefore, does not violated the orders staying discovery and denying Plaintiffs' Rule 56(d) request to depose Current, the Court should allow Plaintiffs to supplement the motions for summary judgment with the transcript of Current's interview.  The Tenth Circuit addressed a similar issue in *Martinez v. Carson*, 697 F.3d 1252 (10th Cir. 2012).  In *Martinez*, the Magistrate Judge also stayed all discovery pending a ruling on the defendants' motion for summary judgment based on qualified immunity.  *Id.* at 1256.  The plaintiffs subsequently filed a Rule 56(f)[1] motion seeking permission to depose some defendants.  *Id.* Without waiting for a response to the Rule 56(f) motion, the plaintiffs recorded consensual interviews of the defendants they sought to depose.  *Id.* at 1256-57.  The plaintiffs did not notify the Magistrate Judge or the other

---

[1] Rule 56(f) is now codified at Rule 56(d).

defendants of the interviews nor was counsel for the other defendants present at the interviews. *Id.* at 1257. The plaintiffs' counsel extensively examined the defendants under oath like an attorney would at a deposition. *Id.* Three days after the interviews, the Magistrate Judge, unaware of the interviews, granted the Rule 56(f) motion to allow the plaintiffs to depose the defendants the plaintiffs had just interviewed. *Id.* Having already obtained deposition-like evidence from the interviewed defendants, the plaintiffs had a court reporter transcribe one of the interviews and relied on that transcript in responding to the motion for summary judgment. *Id.*

The district court was not convinced that the transcript of the sworn interview could be characterized as an affidavit, because affidavits do not involve a sworn witness answering questions propounded by an attorney. Civ. No. 08-1046 WJ/LFG (Doc.120) at 6, filed August 20, 2010). Moreover, the district court noted that "[t]he format of the recorded interview possesses characteristics of a discovery proceeding sufficient to suggest that the Stay Order was violated, if not technically, then in spirit." *Id.* at 7. The district court also observed that, in the alternative, the plaintiffs could have prepared a traditional affidavit from the content of the interview at issue. *Id.* at 6.

The district court struck the transcript of the interview; ordered that the plaintiffs proceed with the Rule 56(f) deposition of the defendant who was the subject of the transcript, with the plaintiffs bearing the costs; and denied without prejudice the pending motions which included citations to the transcript of the interview. *Id.* at 8. The Tenth Circuit concluded that "the district court did not abuse its discretion in holding that Plaintiffs violated the magistrate judge's stay order." 697 F.3d at 1257. In doing so, the Tenth Circuit observed that the plaintiffs "obtained deposition-like evidence they then attempted to use precisely like a deposition in their summary judgment pleadings." *Id.*

As in *Martinez*, Current's consensual interview was deposition-like and occurred in the absence of the other Defendants.  For the same reasons given by the district court in *Martinez,* the Court does not find that the transcript of Current's interview is substantially like an affidavit in order to avoid violating the order staying discovery.  Furthermore, the Magistrate Judge had already ruled that Plaintiffs could not depose Current, but Plaintiffs, nonetheless, conducted a deposition-like interview of Current.  Current's interview, like the one in *Martinez*, violates the spirit, if not the letter, of the Magistrate Judge's orders staying discovery and denying Plaintiffs' Rule 56(d) motion to depose Current.  For these reasons, the Court denies the Motion to Supplement.

        2.  *The Motion to Strike*

Ferguson and Feeser move to strike the transcript of Current's interview under both Rules 12(f) and 37(b)(2)(A).  Those rules, however, do not apply to this situation.  First, Rule 12(f) allows a court to strike certain matters from a pleading.  Plaintiffs, in this case, do not seek to strike the transcript of Current's interview from a pleading.  *See, e.g., H.S. Field Servs., Inc. v. CEP Mid-Continent, LLC,* , 2015 WL 410683, at *1 (N.D. Okla.) ("The only 'pleadings' allowed are complaints, answers, and replies to answers. Fed.R.Civ.P. 7(a).").  Second, Rule 37(b)(2)(A) provides for sanctions when a party "fails to obey an order to provide or permit discovery…."  That is not the case here.  Nevertheless, the Court has inherent powers it can exercise, including the power to "levy sanctions in response to abusive litigation practices."  *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 765, (1980).  *See also Lewis v. Wal-Mart Stores, Inc.,* 2006 WL 1892583, at *3 (N.D. Okla.) (when sanctionable conduct "falls outside the express terms of" Rule 37, court can remedy situation by exercising its inherent powers).

Here, the Court, in exercising its inherent powers, determines that striking the transcript of Current's interview is an appropriate sanction for Plaintiffs' violation of the orders staying discovery and denying Plaintiffs' Rule 56(d) motion to depose Current.  However, the Court denies Ferguson and Feeser's request for an award of attorney's fees and costs because Defendants did not have to address the transcript of Current's interview in briefing the motions for summary judgment.

IT IS ORDERED that

1.  Plaintiffs' Motion and Memorandum to Supplement Record on Pending Motions for Summary Judgment (Doc. 112) is denied;

2.  Ferguson and Feeser's Motion to Strike (Doc. 114) is granted in that the transcript of Brice Current's January 17, 2014, interview is stricken from the record; and

3.  Ferguson and Feeser's request for an award of attorney's fees and costs is denied.

_____
UNITED STATES DISTRICT JUDGE